1  Cody R. Padgett (SBN 275553)
   Cody.Padgett@capstonelawyers.com
2  Melissa Grant (SBN 205633)
   Melissa.Grant@capstonelawyers.com
3  Nathan N. Kiyam (SBN 317677)
   Nate.Kiyam@capstonelawyers.com
4  Capstone Law APC
   1875 Century Park East, Suite 1000
5  Los Angeles, California 90067
   Telephone:     (310) 556-4811
6  Facsimile:     (310) 943-0396

7  Attorneys for Plaintiff
   INSURANCE KING AGENCY, INC.
8

9              UNITED STATES DISTRICT COURT

10        FOR THE NORTHERN DISTRICT OF CALIFORNIA

11 | INSURANCE KING AGENCY, INC., an        | Case No.:
12 | Illinois corporation, individually, and on
   | behalf of themselves and all others similarly | **CLASS ACTION COMPLAINT FOR:**
13 | situated,

14                     Plaintiff,   | (1)  Trademark Infringement and
                                     |      Counterfeiting 15 U.S.C. § 1114;
15            v.                     | (2)  False Designation of Origin, False
                                     |      Advertising and Unfair Competition 15
16 | ASK MEDIA GROUP, LLC, a Delaware |      U.S.C. § 1125(a);
   | limited liability company,       | (3)  Violations of California Common Law
17                                   |      Trademark Infringement;
                                     | (4)  Violations of California Common Law
18                     Defendant.    |      Unfair Competition;
                                     | (5)  Violations of California Business &
19                                   |      Professions Code §§ 17200, *et seq.*
                                     |      (Unfair Competition); and
20                                   | (6)  Violations of California Business &
                                     |      Professions Code §§ 17500, *et seq.*
21                                   |      (False Advertising)

22                                   | **DEMAND FOR JURY TRIAL**

23

24

25

26

27

28

148417044.1

1  Plaintiff Insurance King Agency, Inc., ("King Agency," "Insurance King," or

2  "Plaintiff"), by and through its undersigned attorneys, brings this Class Action Complaint

3  individually and on behalf of all persons similarly situated against Defendant Ask Media

4  Group, LLC, ("Ask Media" or "Defendant"), as follows:

5  **JURISDICTION**

6  1.  This action arises under the United States Lanham Act, 15 U.S.C. § 1051), *et*

7  *seq.,* and contains related California statutory and common law claims. This Court has subject

8  matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a). This Court has supplemental

9  subject matter jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a), as

10  they are so related to the federal claims that they form part of the same case or controversy

11  and derive from a common nucleus of operative facts. This Court also has subject matter

12  jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2), because the

13  proposed Class consists of 100 or more putative class members, the amount in controversy

14  exceeds $5 million, and at least one plaintiff and one defendant are citizens of different states.

15  2.  This Court has personal jurisdiction over Plaintiff because Plaintiff submits to

16  this Court's jurisdiction. This Court has general personal jurisdiction over Ask Media because,

17  on information and belief, Ask Media maintains its principal place of business in this judicial

18  district, at 1955 Broadway, Suite 350, Oakland, California, 94612.

19  **VENUE**

20  3.  Venue in this judicial district is proper pursuant to 28 U.S.C. §§ 1391(b)(1),

21  1391(c) because Ask Media resides in the Northern District of California (1955 Broadway,

22  Suite 350, Oakland, California 94612).

23  4.  Divisional Assignment. Assignment to the Oakland Division is proper under

24  Northern District of California Civil L.R. 3-2(c) because Ask Media is headquartered in

25  Oakland and a substantial part of the events or omissions that give rise to the claims occurred

26  therein.

27  //

28  //

148417044.1

**NATURE OF ACTION**

5.     This is a class action for trademark infringement and counterfeiting and false designation of origin under the *Lanham Act*, 15 U.S.C. §§ 1114, 1125(a); statutory unfair competition under *California Business and Professions Code* §§ 17200, 17500; and common law trademark infringement and unfair competition under California law.

**PARTIES**

6.     Plaintiff King Agency is an Illinois corporation with its principal place of business at 127 N. Alpine Road, Rockford, Illinois 61107.

7.     King Agency is informed and believes, and on such information and belief alleges, that Defendant Ask Media is a Delaware limited liability company with its place of listed as 1955 Broadway, Suite 350, Oakland, California 94612.

**FACTUAL ALLEGATIONS**

8.     Since 2000, King Agency has operated as an insurance broker specializing in writing low-cost automobile insurance, SR-22s, and motorcycle and renter's insurance policies for individual consumers.

9.     King Agency markets its insurance services through the internet from its websites, www.insuranceking.com and www.insurancekingquote.com. King Agency also utilizes other forms of media, including YouTube®, where its account has accrued over 10 million views.

10.     King Agency is one of NASCAR driver Josh Bilicki sponsors, and insuranceking.com and its Lion Logo are prominently displayed on his race car. As reproduced below, King Agency's URL and logo are likewise displayed across the bus and car carrier which travel to races across the country:

1
2
3
4
5
6
7
8
9
10
11
12



13
14
15
16
17
18
19
20
21
22
23
24
25



26
27
28

148417044.1

CLASS ACTION COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14



15
16
17
18
19
20
21
22
23
24
25
26



27
28

11.     Plaintiff, while based in Illinois, is licensed and/or actively writing policies in

1  Alabama, Colorado, Indiana, Iowa, Kansas, Mississippi, Missouri, Ohio, Pennsylvania,

2  Tennessee, Texas, and Wisconsin. King Agency is also in the process of applying for

3  licensing in other states, including California, Georgia, North Carolina, and South Carolina,

4  and has even received multiple requests for quotes from residents in these states that it must

5  decline until its licensing is complete.

6          12.     For over twenty years, and long before the acts of the Defendant set forth

7  herein, Plaintiff has used the marks "Insurance King" and its "Lion Logo" in advertising for

8  its services, on its signage for its brick-and-mortar offices, in promotional materials, and on

9  social media.

10         13.     Plaintiff is also the owner of two trademark registrations in

11  the United States Patent and Trademark Office:

12

13  1)       ®, Registration. 4,628,343 ("'343 Reg."); and 2) INSURANCE KING®,

14  Registration No. 4,628,341 ("'341 Reg.") (collectively, "King Marks") for "insurance

15  brokerage services" with first use claimed in April 2000. The King Marks are incontestable,

16  and copies of the Registration certificates are attached as Exhibits "A-B," respectively.

17         14.     Plaintiff has developed the King Marks at substantial expense, and it continues

18  to invest in these assets through the sponsorship discussed *supra*, the YouTube® channel, and

19  elsewhere. The King Marks constitute valuable assets to the company, and because they have

20  come to be recognized as identifying Plaintiff and its services, the King Marks are

21  irreplaceable to the company.

22         15.     Plaintiff has a vital economic interest in the protection and preservation of the

23  King Marks and the maintenance of the goodwill and reputation associated therewith.

24                                  **Defendant's Actions**

25         16.     Defendant Ask Media describes itself as a performance marketing company

26  that utilizes advanced technology and data science to buy traffic at scale and monetize

27  audiences. *See* www.askmediagroup.com/about.

28         17.     Upon information and belief, Ask Media operates by placing Pay Per Click

148417044.1

("PPC") advertisements through major search engines, including AOL.com and Yahoo.com. Ask Media bids on search terms related to specific businesses across many different industries. For example, Ask Media bids on the search terms "insurance king" and its misspelling "isnurance king," in relation to Plaintiff's business Insurance King. Upon information and belief, Ask Media maintains a company-wide practice and policy of bidding on search terms relating to other known businesses, including those businesses owned by Plaintiff and Class Members.

18.    Upon information and belief, to maximize revenue, Ask Media displays false and misleading advertisements in connection with the search terms it purchases, misleading consumers into believing that they (the consumers) are making purchases from Plaintiff Insurance King and other Class Members. Instead, the consumers are in fact being directed to domains owned and controlled by Ask Media. For example, on April 19, 2023, Plaintiff discovered that Ask Media had used the search term "isnurance king" as part of a PPC campaign which resulted in the following advertisements being displayed to consumers who had intended to search for "insurance king," reflecting a deliberate intent to mislead and confuse consumers. Specifically, the advertisement, which is attached to this Complaint as Exhibit "C" and reproduced hereinbelow, displays "**Insurance King – Official Website**" and "Get The Answers You Need Here!" from the domain  www.superdealsearch.com.[1]  A consumer who clicked on the ad would not in fact be clicking on the Insurance King website



---

[1] AOL., https://search.aol.com (last visited April 19, 2023)

CLASS ACTION COMPLAINT

(official or otherwise) and would instead be directed to a website owned and controlled by Defendant:

19.     Searching for "Insurance King" or "Insurance King Rockford Il" on search engines AOL and Yahoo displays further deceptive advertisements from Defendant. As reflected in Exhibits "D-F" to this Complaint and reproduced hereinbelow, these advertisements display "**Insurance King Rockford Il[2] – Official Website"** and "**Insurance King – Insurance King**" from domains www.justfindinfo.com[3], www.supersealsearch.com[4] and www.searchresultsquickly.com/Insurance_King[5]. Upon information and belief, these domains are owned and controlled by Defendant. A consumer who clicked on the ad would not in fact be clicking on the Insurance King website (official or otherwise) and would instead be directed to a website owned and controlled by Defendant.



---

[2] As set forth in this Complaint, King Agency maintains its principal place of business in Rockford, Illinois.

[3] Yahoo., https://search.yahoo.com (last visited April 28, 2023)

[4] Yahoo., https://search.yahoo.com (last visited April 11, 2023)

[5] Aol., https://search.aol.com (last visited April 19, 2023)

CLASS ACTION COMPLAINT

20.     Once unsuspecting consumers click on the deceptive links believing they are being directed to Plaintiff, consumers are instead taken to a faux "search engine" where they are provided advertisements to, among other things, **competing insurance brokerages and insurance companies**. While Defendant's advertisements promise "Answers From Across The Web" and display "search results" from King Agency's competitors, notably absent from these results are **any links pertaining to King Agency, its services, or its website. On information and belief, the search results are carefully curated by Defendant to present links that will generate revenue to Defendant when a consumer clicks on the link. At all**

CLASS ACTION COMPLAINT

148417044.1

**relevant times, Defendant had no relationship with King Agency, and displaying a link to King Agency would generate no revenue for Defendant.  The so called "search engine" is thus not a real search engine, but instead is a misleading artifice intended to mislead consumers into the mistaken belief that the consumer is being presented with a broad list of search results triggered by the consumers' search criteria.**

21.    Similarly, Defendant routinely uses these same deceptive advertising tactics with respect to businesses and trademarks owned by other Class Members.

22.    In an even more blatant effort to lure unsuspecting consumers searching for Plaintiff's or Class Members' competitors, Defendant's domains including, but not limited to, www.searchresultsquickly.com,  www.superdealsearch.com, www.justfindinfo.com, and www.searchbestinfo.com  (the "Faux Search Engines") are intentionally disguised as search engines when they are in fact calculated tools used by Defendant to deceive buyers. Defendant's Faux Search Engines share a similar appearance and design to other popular search engines, promise results "From Across The Web," and display millions of web results for the search term "Insurance King" and other business trademarks owned by Class Members. However, upon information and belief, **the Faux Search Engines only display results for domains owned and controlled by Defendant.**

23.    Moreover, in furtherance of Defendant's deceptive conduct, results from Defendant's Faux Search Engines display what appear to be legitimate results from the web, when they are in fact advertisements controlled by Defendant. For example, one of the first search results for "Insurance King" on www.searchresultsquickly.com is an article entitled "Get the Best Coverage with Progressive Insurance Near You Now" from a website with the domain, smarter.com. The result is not labeled an advertisement, but, on information and belief, smarter.com is owned by Defendant, and the link is a paid advertisement from one of Defendant's advertising affiliates. Attached as Exhibit "G"[6] [7] to this Complaint and

---

[6] As evidence of Ask Media's Faux Search Engines scheme, each of the websites listed in this exhibit—while appearing to be legitimate search results—**are owned and controlled by Ask Media** (e.g., life123.com, askmoney.com, bloglines.com, thehealthfeed.com).

[7] SearchResultsQuickly., searchresultsquickly.com (last visited April 19, 2023)

CLASS ACTION COMPLAINT

148417044.1

reproduced hereinbelow is a copy of this deceptive advertisement.



24.     As another example, the first search result for "Insurance King" on www.searchbestinfo.com is the same article entitled "Get the Best Coverage with Progressive Insurance Near You Now" from the same website with the domain, smarter.com.  Similarly, this search result is not labeled as an advertisement and, on information and belief, the domain

smarter.com is owned by Defendant.  Further, on information and belief, the link is a paid advertisement from one of Defendant's advertising affiliates. Attached as Exhibit "H"[8][9] to this Complaint and reproduced hereinbelow is a copy of this deceptive advertisement.



25.     Furthermore, upon information and belief, Ask Media also utilizes malicious computer software ("malware") in conjunction with its deceptive scheme to divert web traffic to its websites instead of to Plaintiff's and Class Members' websites. Upon information and belief, Ask Media has deliberately embedded malware into its advertising links designed to infect consumers' computers and channel all future web searches to Ask Media's Faux Search Engines. Specifically, upon information and belief, when a consumer clicks on Ask Media's advertisements, malware is installed on consumers' computers which cause future web searches to be rerouted through Defendant's Faux Search Engines. In effect, consumers who had previously clicked on Ask Media's advertisements and then attempted to search for

---

[8] As further evidence of Ask Media's Faux Search Engines scheme, the websites listed in this exhibit—while appearing to be legitimate search results—**are also owned and controlled by Ask Media** (e.g., smarter.com, askmoney.com).

[9] Searchbestinfo, Searchbestinfo.com (last visited December 4, 2024)

CLASS ACTION COMPLAINT

1    Plaintiff's or Class Members' businesses using their normal web browser would instead

2    receive results from Defendant's Faux Search Engines and be diverted away from websites

3    owned and operated by Plaintiff and Class Members. On information and belief, this malware

4    continues to redirect all web searches to the Faux Search Engines until the consumer can

5    successfully remove the computer virus. On information and belief, Ask Media deliberately

6    integrated and utilizes this malware as part of its scheme to maximize web traffic to its

7    websites and increase its revenue. Attached hereto as Exhibits "I-M" and reproduced in part

8    below are true and correct copies of web articles and blog entries detailing Defendant's

9    malware from www.superdealsearch.com, www.searchresultsquickly.com,

10   www.justfindinfo.com, and www.fastquicksearch.com.





CLASS ACTION COMPLAINT

148417044.1

> **This Article Contains:**
> 1. What is SearchResultsQuickly.com?
> 2. Why is my browser redirected to SearchResultsQuickly.com?
> 3. Removal Instructions for SearchResultsQuickly.com browser hijacker
>
> ## What is SearchResultsQuickly.com?
>
> SearchResultsQuickly.com is a search engine that is promoted through the use of malicious browser extensions and browser hijackers. When installed, these browser hijackers modify your web browser's configuration to automatically send all searches through SearchResultsQuickly.com.

26.     Malware ranges widely in its effects on one's computer and data. For example, malware can often employ "browser hijacking," a well-known tactic used by malware deployers. By employing "browser hijacking," malware injects unwanted advertising into the user's browser. To accomplish this, malware uses unwanted software that modifies a web browser's settings without the user's permission. Brower hijacking and similar tactics are well-known phenomena that have been reported on for years[10]. Unfortunately, given the "wild-west" state of the internet, this form of digital invasion continues unabated.

27.     On April 20, 2023, Plaintiff's counsel sent Ask Media a letter demanding that it immediately cease and desist from all infringing activities. A true and correct copy of this cease and desist letter is attached hereto as Exhibit "N."  On April 28, 2023, Defendant responded to this letter agreeing to cease all advertisements for the key words identified in Plaintiff's letter, including "insurance king" and similar misspellings.  A true and correct copy of Defendant's response to the cease and desist letter is attached hereto as Exhibit "O."

28.     Notwithstanding the foregoing representations, Plaintiff discovered that Ask Media was continuing to display infringing and deceptive advertisements in conjunction with "insurance king" key words. As of June 10, 2023, instead of displaying "Insurance King –

---

[10] "Ask.com can hijack your computer using Java updates." Los Angeles Times, August 16, 2015, https://www.latimes.com/business/la-fi-lazarus-20150417-column.html (accessed December 20, 2024).

1    Official Website," Defendant was now displaying "King Car Insurance – Official Website"

2    and "King Auto Insurance – Official Website." A true and correct copy of these

3    advertisements are attached hereto as Exhibits "P-Q".

4        29.    Despite efforts by Plaintiff to stop this infringing conduct and Defendant's

5    promises to do the same, Ask Media continued to bid on "insurance king" key words[11] and

6    display blatantly deceptive and misleading advertisements.

7        30.    Defendant's use of "Insurance King – Official Website," "Insurance King

8    Rockford Il - Official Website," and similar banners was and is designed to mislead

9    consumers. Defendant knew such advertisements would create a likelihood of confusion in the

10   minds of the relevant consuming public by presenting advertisements which consumers would

11   understand to be an advertisement sponsored by Plaintiff and Class Members  Defendant does

12   this deliberately to divert revenue that should flow to Plaintiff and Class Members to

13   Defendant and Plaintiff's and Class Members' competitors, who on information and belief,

14   pay Defendant for these web "hits." Moreover, Defendant couples this conduct with deceptive

15   Faux Search Engines and infectious malware, both of which are further designed to mislead

16   consumers and divert revenue from Plaintiff and Class Members. On information and belief,

17   consumers are in fact likely to be confused and are deceived by Defendant's unlawful activity

18   as outlined in this Complaint. On information and belief, Defendant's deceptive and

19   misleading conduct with respect to Plaintiff and Class Members is ongoing.

20       31.    Defendant's conduct is not only willful but, on information and belief, is part of

21   a long-standing and pervasive scheme to mislead the consuming public and infringe upon the

22   intellectual property rights of other businesses. Defendant employs the same scheme and

23   deceptive advertisements to target thousands of other businesses that are members of the

24

25   ───────────────
     [11] To be clear, King Agency is not contending that the practice of bidding on another's
26   name or trademark in PPC is in and of itself unlawful. King Agency acknowledges that such
     conduct has generally been viewed by courts as fair competition. However, such conduct *is*
27   *not* lawful where the practice of bidding on such words is coupled with activity that deceives
     and confuses the consuming public. As detailed herein, King Agency alleges the Defendant's
28   unlawful activities which go beyond the mere bidding of King Agency's name in PPC form
     the basis for the claims alleged this Complaint.

1   proposed class, including, but not limited to, Fortune 500 companies Apple, Costco, GM,

2   Amazon, Kroger, Ford, Microsoft, Home Depot, AT&T, and Meta.

3         32.    The wrongful and deceptive scheme articulated herein has resulted in

4   Defendant earning profits that, but for the unlawful acts identified herein, Defendant would

5   not have earned, and it has deprived Plaintiff and Class Members of revenue and profit they

6   would have earned if consumers searching for Plaintiff's and other Class Members'

7   businesses had not been diverted to Defendant and their affiliates. For example, had

8   consumers not been misled by Defendant's unlawful acts, Plaintiff would have instead sold

9   policies as a broker to consumers who otherwise purchased insurance by and through

10  Defendant and their advertising affiliates, which include, in part, Plaintiff's direct competitors.

11        33.    Defendant, by and through their unauthorized use of the King Marks and

12  related wrongful activities against Plaintiff and Class Members, has engaged in the acts of

13  false designation of origin, false advertising, trademark infringement, and unfair competition

14  complained of herein.

15        34.    Defendant's activities have damaged and will continue to damage

16  the reputation, business, and goodwill of Plaintiff and Class Members. Unless enjoined by the

17  Court, Defendant will continue and further escalate its unlawful activities.

18        35.    Plaintiff and Class Members have no adequate remedy at law and Defendant's

19  activities have caused and, if not enjoined, will continue to cause irreparable harm to Plaintiff

20  and Class Members including their business reputation and goodwill.

21                                        **CLASS ACTION ALLEGATIONS**

22        36.    Plaintiff brings this lawsuit as a class action on behalf of itself and all others

23  similarly situated as members of the proposed Class and Subclass pursuant to Federal Rules of

24  Civil Procedure 23(a) and 23(b)(3). This action satisfies the numerosity, commonality,

25  typicality, adequacy, predominance, and superiority requirements of those provisions.

26        37.    The Class and Subclasses are defined as:

27           **Class**:  All businesses based in the United States whose names
have appeared in Defendant's Pay Per Click advertisements

28           and/or on other links that lead to domains owned by Defendant,

from April 23, 2019 to the present.

**California Subclass**: All California-based businesses whose names have appeared in Defendant's Pay Per Click advertisements and/or on other links that lead to domains owned by Defendant, from April 23, 2019 to the present.

**Registered Trademark Subclass**:  All businesses based in the United States whose registered trademarks have appeared in Defendant's Pay Per Click advertisements and/or on other links that lead to domains owned by Defendant, from April 23, 2019 to the present.

**California Registered Trademark Subclass**: All California-based businesses whose registered trademarks have appeared in Defendant's Pay Per Click advertisements and/or on other links that lead to domains owned by Defendant, from April 23, 2019 to the present.

38.    Excluded from the Class and Subclasses are: Defendant, their corporate parents, subsidiaries and affiliates, officers and directors, any entity in which any Defendant has a controlling interest, and the legal representatives, successors, or assigns of any such excluded persons or entities, and Plaintiff's attorneys. Also excluded are any judges presiding over these proceedings and their immediate family.

39.    There is a well-defined community of interest in the litigation and each subclass is readily ascertainable.

40.    <u>Numerosity</u>:  Although the exact number of prospective class members is uncertain and can only be ascertained through appropriate discovery, based on information and belief the number exceeds 10,000, making joinder impracticable. The disposition of prospective class members' claims in a single action will provide substantial benefits to all parties and to the Court. The prospective class members are readily identifiable from information and records in the possession, custody, or control of Defendant and their agents.

41.    <u>Commonality</u>: There are numerous questions of law and fact common to Plaintiff and the prospective class members that predominate over any question affecting individual prospective class members. These common legal and factual issues include the following:

(a)    What algorithms Defendant has used to return search results to

consumers;

(b)    Whether Defendant's search engines have accessed Plaintiff and Class Members' websites;

(c)    How and whether Defendant has used smart technology to track consumer search history;

(d)    Whether Defendant's online advertisements have been part of a pattern and practice to divert business unfairly toward domains and advertisements owned and controlled by Defendant;

(e)    Whether Defendant's use of names and identifying information of Plaintiff and Class Members with whom they had no affiliation violated the Lanham Act, 15 U.S.C. 1114 and 15 U.S.C. § 1125(a)(1)(A);

(f)    Whether Defendant's use of Plaintiff's and Class Members' names and identifying information violated section 43(a) of the Lanham Act;

(g)    Whether Defendant's false representations that consumers were being shown advertisements and links for Plaintiff and Class Members violated section 43(a) of the Lanham Act;

(h)    Whether Defendant's systematic acts and practices violated California Business and Professions Code §§ 17200, *et seq.*;

(i)    Whether Defendant's systematic acts and practices violated California Business and Professions Code §§ 17500, *et seq.*;

(j)    Whether Defendant was unjustly enriched under California law;

(k)    Whether restitution, profits, or damages is most appropriate to compensate Plaintiff and the Class Members; and

(l)    Whether Defendant's conduct should be enjoined.

42.    <u>Typicality</u>: Plaintiff's claims are typical of other Class Members' claims. Like the other Class Members, Plaintiff was subjected to Defendant's common advertising and website policies and practices. Defendant's representations, advertisements, and treatment of Plaintiff were and are typical of those of other Class Members.

43.    <u>Adequate Representation</u>:  Plaintiff will fairly and adequately protect the interests of the Class Members. Plaintiff has retained attorneys experienced in the prosecution of class actions, including unfair competition litigation, and Plaintiff intends to prosecute this action vigorously.

44.    <u>Predominance and Superiority</u>: Plaintiff and Class Members have all suffered and will continue to suffer harm and damages as a result of Defendant's unlawful and wrongful conduct and Defendant will continue to profit from this wrongful activity. A class action is superior to other available methods for the fair and efficient adjudication of the controversy. The individual amounts of damages involved and profits made by defendant, while not insubstantial, are such that individual actions or other individual remedies are impractical and litigating individual actions would be too costly and burdensome. Absent a class action, Class Members will continue to incur damages and Defendant will continue to profit from this wrongdoing and Defendant's misconduct will continue without remedy. Class treatment of common questions of law or fact would also be a superior method to multiple individual actions or piecemeal litigation in that class treatment will conserve the resources of the courts and the litigants and will promote consistency and efficiency of adjudication.

**<u>FIRST CAUSE OF ACTION</u>**

**Violation of the Lanham Act, 15 U.S.C. §§ 1114 and 1116**

**(For Trademark Infringement and Counterfeiting)**

**(By Plaintiff and Registered Trademark Subclasses**

**Against Defendant)**

43.    King Agency realleges, and incorporates herein by this reference, the allegations contained in all the prior paragraphs as though fully set forth herein.

44.    Plaintiff brings this cause of action on behalf of itself and Members of the Registered Trademark Subclasses.

46.    Plaintiff and each Member of the Registered Trademark Subclasses owns and has rights to use in commerce of their federally registered Mark, such as "Insurance King – Insurance King," "Insurance King – Official Website," "Insurance King Rockford Il - Official

148417044.1

1   Website," and/or similar variations thereof. As a result of Plaintiff's and each Member of the

2   Registered Trademark Subclasses' longstanding, widespread, and continuous use of their Marks

3   in interstate commerce, their Marks enjoy considerable goodwill.

4           47.    Defendant has used and continues to use Plaintiff's and Members of the

5   Registered Marks Subclasses' exact registered Marks in association with the services for which

6   Plaintiff and Members of the Registered Marks Subclasses own a trademark registration. This

7   activity constitutes trademark counterfeiting.[12]

8           48.    On information and belief, some of the entities to which Defendant directed

9   consumers from searches for Plaintiff's and Members of the Registered Trademark Subclasses'

10  Marks, included competitors of Plaintiff and Members of the Registered Trademark Subclasses.

11  On information and belief, Defendant received compensation from these entities for directing

12  consumers to their websites. The actions of Defendant, as articulated above and incorporated

13  herein by reference, constitute willful trademark counterfeiting in violation of 15 U.S.C. §1114

14  and §1116.

15          49.    In addition to engaging in trademark infringement via trademark counterfeiting,

16  Defendant has infringed Plaintiff's and Members of the Registered Trademark Subclasses'

17  Marks by way of its unauthorized use in commerce of those Marks in connection with the

18  advertising, marketing, and provision of services of competitors of Plaintiff and Members of the

19  Registered Trademark Subclasses as alleged herein and in violation of 15 U.S.C. §1114.

20  Defendant's conduct is likely to cause confusion, mistake, or deceive consumers.

21          50.    Defendant's acts, alleged herein, constitute willful federal counterfeiting and

22  infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. §1114 and §1116.

23          51.    By reason of Defendant's actions, Plaintiff and Members of the Registered

24  Trademark Subclasses have suffered irreparable harm to their valuable trademarks and the

25  goodwill associated therewith. Plaintiff and Members of the Registered Trademark Subclasses

26  have been, and unless Defendant is preliminarily and permanently restrained from its actions,

27

28  _____
    [12] "As used in this subsection, the term "counterfeit mark" means "(i) a counterfeit of a
    mark that is registered on the principal register…for such…services sold, offered for sale…"

will continue to be irreparably harmed. Plaintiff and Members of the Registered Trademark Subclasses have no adequate remedy at law and therefore seek injunctive relief under 15 U.S.C. § 1116.

52.    Defendant knew or should have known that its use of Plaintiff's and Members of the Registered Trademark Subclasses' Marks was likely to confuse and mislead consumers as to the source of the services to which Defendant directed them. Indeed, as alleged above, Defendant was well aware that the complained of acts herein would result in consumers being confused, as it employed a complex and pervasive scheme to intentionally deceive consumers. On information and belief, Defendant both intended to and in fact profited from this very confusion.

53.    As a direct and proximate result of the foregoing acts, practices, and conduct of Defendant, Plaintiff and Members of the Registered Trademark Subclasses have been substantially injured in its business, resulting in lost revenues, lost profits, loss of goodwill, diminished reputation, and other damages in an amount to be proven at trial. The wrongful activity of Defendant also requires Defendant to pay its profits as a remedy pursuant to 15 U.S.C. §1117(a). Plaintiff also reserves the right to seek statutory damages for Defendant's trademark counterfeiting in an amount up to $2 million "per counterfeit mark per type of goods or services sold, offered for sale or distributed…" as a result of Defendant's willful counterfeiting activity. 15 U.S.C. §1117(c).

54.    Because Defendant's acts were willful, Plaintiff and Members of the Registered Trademark Subclasses are also entitled to recover reasonable attorneys' fees and costs as an "exceptional case" under 15 U.S.C. § 1117.

### SECOND CAUSE OF ACTION

### Violation of the Lanham Act, 15 U.S.C. § 1125(a)

### (False Designation of Origin, False Advertising, and Unfair Competition)

### (By Plaintiff and the Class and Subclasses Against Defendant)

55.    Plaintiff realleges, and incorporates herein by this reference, the allegations contained in all the prior paragraphs as though fully set forth herein.

1     56.     Plaintiff brings this cause of action on behalf of itself and the Class.

2     57.     Defendant's wrongful and willful acts as articulated above constitute false

3    advertising, false designation of origin, and unfair competition. Defendant's unauthorized use

4    in commerce of Plaintiff's and Class Members' names and identifying information, such as

5    "Insurance King – Insurance King," "Insurance King – Official Website," "Insurance King

6    Rockford Il - Official Website," and/or similar variations thereof—coupled with the other

7    deceptive conduct identified hereinabove—in connection with advertising and marketing, is

8    likely to cause confusion, to cause mistake, or to deceive consumers as to the origin, source,

9    sponsorship or affiliation of Defendant's service and is likely to cause consumers to

10   erroneously believe that Defendant's services are in some way affiliated with Plaintiff's and

11   Class Members' businesses.

12    58.     Defendant knew or should have known that its use of Plaintiff's and Class

13   Members' names and identifying information, such as "Insurance King – Official Website,"

14   "Insurance King Rockford Il - Official Website," and other similar phrases, was likely to

15   confuse and mislead consumers as to the source of its services. Defendant was also aware that

16   the other deceptive acts complained of herein would result in consumer confusion. On

17   information and belief, Defendant both intended to and in fact profited from this very

18   confusion.

19    59.     As a direct and proximate result of the foregoing acts, practices, and conduct of

20   Defendant, including the use of the Faux Search Engines and malware, Plaintiff and Class

21   Members have been substantially injured in their businesses, resulting in lost revenues and

22   profits, and diminished goodwill and reputation.

23    60.     As a direct and proximate result of the foregoing acts, practices, and conduct of

24   Defendant, Plaintiff and Class Members have sustained and will continue to sustain

25   substantial, immediate, and irreparable injury for which there is no adequate remedy at law,

26   including without limitation the loss of consumer goodwill and, unless enjoined and restrained

27   by the Court, Defendant will continue to engage in conduct in violation of the Lanham Act.

28   Moreover, because Defendant's acts were willful, this constitutes an "exceptional case" under

148417044.1

15 U.S.C. § 1117.

61.     As a result of Defendant's acts, Plaintiff and Class Members have suffered damages in an amount to be proven at trial. Pursuant to 15 U.S.C. § 1117(a), Plaintiff and Class Members are further entitled to attorneys' fees, costs, and the profits earned by Defendant attributable to their wrongful conduct.

**THIRD CAUSE OF ACTION**

**California Common Law Trademark Infringement**

**(By Plaintiff and the California Subclasses Against Defendant)**

62.     Plaintiff realleges, and incorporates herein by this reference, the allegations contained in all the prior paragraphs as though fully set forth herein.

63.     Plaintiff brings this cause of action on behalf of itself and the Class, or, in the alternative, the California Subclasses.

64.     The general consuming public of California recognizes Plaintiff's and Class Members' marks as designating Plaintiff or the respective Class Members as the source of goods and services. Plaintiff and Class Members have common law trademark rights in their respective marks under California law.

65.     Defendant has used and continues to use Plaintiff's and Class Members' common law trademarks in the State of California in association with the goods or services for which Plaintiff and Class Members use their common law trademarks. This activity constitutes trademark counterfeiting.

66.     In addition to engaging in trademark infringement via trademark counterfeiting, Defendant has infringed Plaintiff's and Class Members' common law trademarks by way of its unauthorized use in commerce of those marks in the State of California in connection with the advertising, marketing, and provision of services of Defendant's clients (and Plaintiff's and Class Members' competitors) and its affiliates as alleged herein. Defendant's conduct is likely to cause confusion, mistake, or to deceive consumers. Such wrongful use of Plaintiff's and Class Members' common law trademarks constitutes trademark infringement under the common law of the State of California.

CLASS ACTION COMPLAINT

148417044.1

62.    Defendant's wrongful activities as hereinabove alleged constitute a willful intent and effort on the part of Defendant to deceive the consuming public and in particular web users searching for Plaintiff and Class Members as to the source of the goods or services for which they searched. Web users and consumers necessarily believe and understand that the services they are accessing when clicking on Defendant's advertisement are those of Plaintiff and Class Members, when they are in fact those of the Defendant and its affiliates. Defendant's conduct has caused substantial injury to Plaintiff and Class Members, as consumers who would have purchased services through Plaintiff and Class Members instead purchased those services from and through Defendant and its affiliates, who were acting in direct competition with Plaintiff and Class Members. As a direct result of Defendant's wrongful conduct, Plaintiff and Class Members have suffered a substantial loss in profits.

63.    By reason of Defendant's wrongful activities, Plaintiff and Class Members have suffered irreparable harm and unless Defendant is restrained from further infringement of Plaintiff's and Class Members' common law trademarks, such as the King Marks, Plaintiff and Class Members will continue to suffer irreparable harm. Plaintiff and Class Members have no adequate remedy at law that will adequately compensate them for such irreparable harm if Defendant's conduct is allowed to continue.

64.    As a result of Defendant's actions, Plaintiff and Class Members have suffered an injury in fact in an amount that will be proven at trial. Plaintiff and Class Members are further entitled to attorneys' fees and costs, the profits earned by Defendant attributable to its wrongful conduct, and injunctive relief.

65.    Defendant's acts as alleged herein were willful, oppressive, malicious, and/or fraudulent. Accordingly, Plaintiff and Class Members seek both actual damages in tort and punitive or exemplary damages in an amount appropriate to punish and make an example of Defendant, and to deter such wrongful conduct in the future.

//

//

//

148417044.1

**FOURTH CAUSE OF ACTION**

**California Common Law Unfair Competition**

**(By Plaintiff and the California Subclasses Against Defendant)**

66.     Plaintiff incorporates by reference the allegations contained in the preceding paragraphs of this Complaint.

67.     Plaintiff brings this cause of action on behalf of itself and the Class, or, in the alternative, the California Sub-Class.

68.     Defendant's acts complained of herein constitute unfair competition under the common law of the State of California.

69.     Defendant's wrongful activity as articulated hereinabove constitutes a willful intent and effort on the part of Defendant to deceive the consuming public and in particular web users searching for Plaintiff and Class Members. The wrongful actions of Defendant constitute palming or passing off in that Defendant sought to lure web users and the consuming public into the false belief that Defendant was the source of the services when web users and consumers search for Plaintiff and Class Members and believed that they (the web users and consumers) were accessing advertisements sponsored by Plaintiff and Class Members. Defendant's wrongful acts have caused—and will continue to cause—a likelihood of confusion as to the source of Defendant's services. Web users and consumers necessarily believe and understand that the services they are accessing when clicking on Defendant's advertisement are those of Plaintiff and Class Members, when they are in fact those of the Defendant and its affiliates. Defendant's conduct has caused substantial injury to Plaintiff and Class Members, as consumers who would have purchased services through Plaintiff and Class Members instead purchased those services from and through Defendant and its affiliates, who were acting in direct competition with Plaintiff and Class Members. As a direct result of Defendant's wrongful conduct, Plaintiff and Class Members have suffered a substantial loss in profits.

70.     Plaintiff and Class Members are informed and believe and on such information and belief allege that Defendant's acts, as alleged herein, were taken with the intent to cause

148417044.1

confusion, mistake, and deception as to the source of Defendant's services, improperly trading upon the reputation and goodwill of Plaintiff and Class Members and impairing Plaintiff's and Class Members valuable rights in their trademarks, such as the King Marks.

71.    Defendant's acts herein were and are willful and intentional acts of unfair competition.

72.    By reason of Defendant's actions, Plaintiff and Class Members have suffered irreparable harm and unless Defendant is restrained from further infringement of Plaintiff's and Class Members' trademarks, such as the King Marks, Plaintiff and Class Members will continue to suffer irreparable harm. Plaintiff and Class Members have no adequate remedy at law that will adequately compensate them for such irreparable harm if Defendant's conduct is allowed to continue.

73.    As a result of Defendant's actions, Plaintiff and Class Members have suffered an injury in fact in an amount that will be proven at trial. Plaintiff and Class Members are further entitled to attorneys' fees and costs, the profits earned by Defendant attributable to its wrongful conduct, and injunctive relief.

74.    Defendant's acts as alleged herein were willful, oppressive, malicious, and/or fraudulent. Accordingly, Plaintiff and Class Members seek both actual damages in tort and punitive or exemplary damages in an amount appropriate to punish and make an example of Defendant, and to deter such wrongful conduct in the future.

## FIFTH CAUSE OF ACTION

### Violation of California Business & Professions Code §§ 17200, *et seq.*

### (Unfair Competition)

### (By Plaintiff and the California Subclasses Against Defendant)

75.    Plaintiff incorporates by reference the allegations contained in the preceding paragraphs of this Complaint.

76.    Plaintiff brings this cause of action on behalf of themselves and the Class, or, in the alternative, the California Sub-Class.

77.    Defendant, through the conduct alleged herein, has engaged in and continues to

engage in unlawful, unfair, and/or fraudulent conduct in violation of Section 17200, *et seq.* of the California Business and Professions Code. Defendant has also engaged in and continues to engage in conduct that is deceptive, untrue, and misleading in violation of California Business and Professions Code Section 17500, which also constitutes a violation of Section 17200.

78.     As a result of the foregoing, Plaintiff and Class Members have no adequate remedy at law such that monetary damages alone will not fully compensate for Defendant's blatant misconduct. Unless enjoined by the Court, Defendant will continue to violate Plaintiff's and Class Members' rights.

79.     As a result of the foregoing, Plaintiff and Class Members are entitled to restitution and injunctive relief pursuant to California Business and Professions Code Section 17203.

**<u>SIXTH CAUSE OF ACTION</u>**

**Violation of California Business & Professions Code §§ 17500, *et seq.***

**(False Advertising)**

**(By Plaintiff and the California Subclasses Against Defendant)**

80.     Plaintiff incorporates by reference the allegations contained in the preceding paragraphs of this complaint.

81.     Plaintiff brings this cause of action on behalf of itself and on behalf of the Class, or, alternatively the California Sub-class.

82.     Defendant is subject to California's False Advertising Law ("FAL"), Cal. Bus. & Prof. Code §§ 17500, *et seq*. Under the FAL, it is "unlawful, for any person . . . to make or disseminate or cause to be made or disseminated before the public in this state, . . . [in] any advertising device . . . or in any other manner or means whatever, including over the Internet, any statement concerning . . . personal property or those services, professional or otherwise, or concerning any circumstance or matter of fact connected with the proposed performance or disposition thereof, which is untrue or misleading, and which is known, or which by the existence of reasonable care should be known, to be untrue or misleading."

83.     Defendant committed acts of false advertising, as defined in sections 17500, *et*

148417044.1

*seq.*, by using in commerce Plaintiff's and Class Members' names and identifying information, such as "Insurance King," and/or confusingly similar variations of Plaintiff's and Class Members' names and identifying information, such as in connection with advertising and marketing, as alleged herein. Such conduct is likely to cause confusion, to cause mistake, or to deceive consumers as to the origin, source, sponsorship, or affiliation of Defendant's services and is likely to cause consumers to erroneously believe that Defendant's services are in some way affiliated with Plaintiff and Class Members.

84.     Defendant knew or should have known that its advertisements were untrue and misleading.

85.     Defendant's actions in violation of the FAL were false and misleading such that the general public is and was likely to be deceived.

86.     Plaintiff and Class Members are likely to suffer, have suffered, and will continue to suffer irreparable injuries as a result of Defendant's wrongful acts. Plaintiff and Class Members have lost and will continue to lose money or property due to Defendant's false advertising campaign, which has induced and continues to induce consumers to purchase goods and services through entities that consumers believe to be Plaintiff and Class Members.

87.     Defendant's conduct has injured Plaintiff and Class Members and the general public, and unless enjoined, will continue to cause irreparable harm to both Plaintiff, Class Members, and the general public. The balance of equities and the public interest favor enjoining Defendant's unlawful conduct. Plaintiff and Class Members are therefore entitled to equitable relief including restitution and injunctive relief as set forth in the Prayer for Relief and as set forth in California Business and Professions Code Section 17203.

## **RELIEF REQUESTED**

1.     Plaintiff, on behalf of itself and all others similarly situated, requests that the Court enter judgment against Defendant, as follows:

2.     An order certifying the proposed Class and Subclasses, designating Plaintiff as named representative of the Class and Subclasses, and designating the undersigned as Class Counsel;

3.      An order requiring Defendant to account and disgorge to Plaintiff and Class Members all profits realized by Defendant and others in concert or participation with Defendant, relating to the use of Plaintiff's and each Class Member's marks, and, as the Court may deem appropriate, any additional amounts pursuant to 15 U.S. § 1117, plus interest;

4.      An order, pursuant to 15 U.S.C. § 1117, requiring Defendant to account for and pay Plaintiff and Class Members general, compensatory, special damages, and statutory damages, including an enhancement by the Court, arising from Defendant's violation of the Lanham Act;

5.      For a determination that this case is "exceptional" and that Defendant be ordered to pay the reasonable attorneys' fees and costs incurred by Plaintiff in prosecuting this action pursuant to 15 U.S.C. § 1117;

6.      For the grant of a permanent injunction enjoining Defendant from using the Plaintiff's and Class Members' trademarks, including "The King of Insurance" and the lion logo, or any confusingly similar marks, in connection with the marketing, promotion, or advertising of Defendant's services;

7.      An order requiring Defendant, pursuant to 15 U.S.C. 1116(a), to file with the court and serve on Plaintiff within thirty (30) days after entry of the injunction, a report in writing under oath setting forth in detail the manner and form in which Defendant has complied with the injunction and implemented adequate and effective means to discontinue doing business by using Plaintiff's and Class Members' marks, as set forth above;

8.      For punitive damages caused by Defendant's violations of the common law of California regarding the second and third causes of action in an amount to be determined at trial;

9.      For the costs of this action and for pre-judgment interest as allowed by law; and

10.      For such further legal and equitable relief as the Court deems proper.

**DEMAND FOR JURY TRIAL**

11.      Pursuant to Federal Rule of Civil Procedure 38(b) and Northern District of California Local Rule 3-6, Plaintiff demands a jury trial on all triable issues.

148417044.1

1

2     Dated: December 30, 2024                    Respectfully submitted,

3                                                 Capstone Law APC

4                                          By: /s/ Cody R. Padgett

5                                                 Cody R. Padgett
                                                  Melissa Grant
6                                                 Nathan N. Kiyam

7                                                 *Attorneys for Plaintiff*
                                                  INSURANCE KING AGENCY, INC.
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28