UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INSURANCE KING AGENCY, INC., | Case No.  24-cv-09509-TLT |
| Plaintiff, | |
| v. | **ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS; DENYING MOTION TO STRIKE** |
| ASK MEDIA GROUP, LLC, | |
| Defendant. | Re: Dkt. No. 16 |

Plaintiff Insurance King Agency, Inc.'s complaint rests "may" and "maybe"— Plaintiff *may* take discovery and find consumer complaints; Plaintiff *may* have a different definition of how Defendant labels its links; *maybe* Plaintiff can provide insurance to California residents; *maybe* a California resident has a vacation home that Plaintiff could insure.  This is too many.  Plaintiff *must* allege sufficient facts to support its claims; Plaintiff *must* have standing; and Plaintiff *must* file an amended complaint.

Pending before the Court is Defendant Ask Media Group, LLC's ("Ask Media") Rule 12(b)(1) and 12(b)(6) motion to dismiss the complaint and Rule 12(f) motion to strike.  ECF 16.  On March 13, 2025, Plaintiff filed a timely opposition and request for judicial notice.  ECF 21–23.  On March 20, 2025, Ask Media filed a timely reply.  ECF 25.  The Court heard oral argument on Ask Media's motion to dismiss on April 22, 2025.  ECF 38.

Having considered the parties' briefings, oral argument, the relevant legal authority, and for the reasons below, the Court **GRANTS IN PART AND DENIES IN PART** the motion to dismiss and **DENIES** the motion to strike.

## I.    BACKGROUND

### A.    Factual Background

Plaintiff is an Illinois insurance broker that markets its services using
(Registration No. 4,628,343) and "INSURANCE KING" (Registration No. 4,628,341)
(collectively, "Marks").  ECF 1, Complaint ("Compl.") ¶¶ 6, 13. Plaintiff is licensed to provide
policies in Alabama, Colorado, Indiana, Iowa, Kansas, Mississippi, Missouri, Ohio, Pennsylvania,
Tennessee, Texas, and Wisconsin and is in the process of applying for licensing in other states,
including California.  *Id*. ¶ 11.

Ask Media, a Delaware performance marketing company, allegedly misleads consumers
by bidding on "insurance king," "isnurance king," and "Insurance King Rockford Il" as search
terms, placing "Insurance King – Official Website" and "Insurance King Rockford Il - Official
Website" advertisements on AOL and Yahoo, and redirecting consumers  who click on the
advertisements to Ask Media's "faux" search engines[1] that only show Ask Media's websites.  *Id*.
¶¶ 6–7, 16–20.  Clicking on Ask Media's advertisements also infects a computer with malware
that channels all future web searches to Ask Media's search engines.  *Id*. ¶ 25.  After being
directed to Ask Media's search engines, consumers that search "insurance king" would allegedly
see links to Ask Media's websites, including "www.smarter.com/places/get-best-coverage-
progressive-insurance-near-now" and www.askmoney.com/insurance/most-common-insurance-
questions.  *Id.*  ¶¶ 22–24.

Plaintiff alleges that Ask Media's use of "Insurance King – Official Website" and
"Insurance King Rockford Il - Official Website" as advertisements mislead consumers into
believing that the advertisements are sponsored by Plaintiff.  *Id*. ¶ 30.  By using these
advertisements, in addition to the search engines, Ask Media diverts revenue from Plaintiff to Ask
Media.  *Id*.

On April 20, 2024, Plaintiff sent Ask Media a letter requesting Ask Media cease using
Plaintiff's "insurance king" mark.  ECF 1-14, Exh. N.  On April 28, 2023, Ask Media responded

---

[1] Ask Media's search engines have the following domain names: www.searchresultsquickly.com,
www.superdealsearch.com, www.justfindinfo.com, and
www.searchbestinfo.com.  Compl. ¶¶ 19, 22.

United States District Court
Northern District of California

United States District Court
Northern District of California

to Plaintiff's letter and indicated that it will request its agencies to exclude Plaintiff's mark as a keyword.  ECF 1-15, Exh. O.

As of June 10, 2023, typing "insurance king car insurance" into AOL showed an advertisement for "King Car Insurance – Official Website." Compl. ¶ 28; ECF 1-16, Exh. P. Typing "auto insurance king peoria il showed "King Auto Insurance – Official Website."  ECF 1-17, Exh. Q.

### B.    Procedural History

On December 30, 2024, Plaintiff filed a class action complaint against Ask Media. Plaintiff's proposed classes involve (A) a class on behalf all businesses based in the United States whose names have appeared in Ask Media's Pay Per Click advertisements and/or links that lead to domains owned by Ask Media, from April 23, 2019 to the present; (B) a California subclass on behalf of California-based businesses whose names have appeared in Ask Media's Pay Per Click advertisements and/or on other links that lead to domains owned by Ask Media, from April 23, 2019 to the present; (C) a Registered Trademarks subclass on behalf of all businesses based in the United States whose registered trademarks have appeared in Ask Media's Pay Per Click advertisements and/or on other links that lead to domains owned by Ask Media, from April 23, 2019 to the present; and (D) a California Registered Trademark subclass on behalf of all California-based businesses whose registered trademarks have appeared in Ask Media's Pay Per Click advertisements and/or on other links that lead to domains owned by Ask Media, from April 23, 2019 to the present.  *Id*. ¶ 37.

Plaintiff alleges the following claims against Ask Media: (1) violation of the Lanham Act, 15 U.S.C. §§ 1114 and 1116, for trademark infringement and counterfeiting; (2) violation of the Lanham Act, 15 U.S.C. § 1125(a), for false designation of origin, false advertising, and unfair competition; (3) California Common Law Trademark Infringement; (4) violation of California Common Law Unfair Competition; (5) violation of California Business & Professions Code §§ 17200, *et seq.* for unfair competition; and (6) violation of California Business & Professions Code §§ 17200, *et seq.* for false advertising.  Compl. ¶¶ 43–87.

On February 27, 2025, Ask Media filed a motion to dismiss and strike pursuant to Fed. R.

Civ. Pro. 12(b)(1), 12(b)(6), and 12(f).  ECF 16.  On March 13, 2025, Plaintiff filed a timely opposition and request for judicial notice.  ECF 21–23.  On March 20, 2025, Ask Media filed a timely reply.  ECF 25. The Court provided the parties with questions for the hearing on April 16, 2025.  ECF 35.  On April 21, 2025, Plaintiff filed a response to the Court's questions.  ECF 36. On April 22, 2025, Ask Media also filed a response. ECF 37.  The Court heard oral argument on April 22, 2025.

## II.    JUDICIAL NOTICE

Plaintiff requests the Court take judicial notice of one exhibit containing Securities and Exchange Commission excerpts from IAC/INTERACTIVECORP's Form S-4 Registration Statement ("IAC Form S-4").  ECF 22 at 1.  Ask Media does not oppose Plaintiff's request.  *See generally* ECF 25.

"The Court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b). The Court may "consider materials that are submitted with and attached to the Complaint. [The Court] may also consider unattached evidence on which the complaint 'necessarily relies' if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the document."  *United States v. Corinthian Colleges*, 655 F.3d 984, 999 (9th Cir. 2011).

Because Ask Media does not oppose Plaintiff's request, and because the exhibit is a matter of public record, the Court takes judicial notice of the IAC Form S-4.  *See Wag Hotels, Inc. v. Wag Labs, Inc.*, No. 20-cv-1326,  2023 WL 3605977, at *4 (N.D. Cal. May 22, 2023) (taking judicial notice of SEC form in trademark infringement case); *United Tactical Systems, LLC v. Real Action Paintball, Inc.*, No. 14-cv-4050, 2017 WL 713135, at *5 (N.D. Cal. Feb. 23, 2017) ("As these documents are public records filed with the USPTO or the SEC, they are properly the subject of judicial notice.").  The Court's judicial notice is limited to the existence of the document, not the statements contained therein.  *See Pinterest Inc. v. Pintrips Inc*., 15 F. Supp. 3d 992, 997 (N.D. Cal. 2014) ("[W]hile the USPTO [and the SEC] records may be subject to judicial

notice, they are noticeable only for the limited purpose of demonstrating that the filings and actions described therein occurred on certain dates.") (internal quotations omitted); *Smith v. Spirit Corp.*, No. 15-cv-2485, 2015 WL 13919414, at *2 (N.D. Cal. June 9, 2015) ("The Court may only take judicial notice of the fact of the SEC forms, and not their content. The Court therefore GRANTS Plaintiff's RJN and Sprint's Reply RJN for that limited purpose.").

## III. LEGAL STANDARDS

### C. Motion to Dismiss

#### i. Rule 12(b)(1)

Pursuant to Rule 12(b)(1), a party may move to dismiss for lack of subject matter jurisdiction. "[L]ack of Article III standing requires dismissal for lack of subject matter jurisdiction under [Rule] 12(b)(1)." *Maya v. Centex Corp.*, 658 F.3d 1060, 1067 (9th Cir. 2011). The "irreducible constitutional minimum" of standing requires that a "plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016). "The plaintiff, as the party invoking federal jurisdiction, bears the burden of establishing these elements," which at the pleadings stage means "'clearly . . . alleg[ing] facts demonstrating each element.'" *Id*. (quoting *Warth v. Seldin*, 422 U.S. 490, 518 (1975)).

#### ii. Rule 12(b)(6)

Pursuant to Rule 12(b)(6), a party may move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To overcome a motion to dismiss, a plaintiff's "factual allegations [in the complaint] 'must . . . suggest that the claim has at least a plausible chance of success.'" *Levitt v. Yelp! Inc.*, 765 F.3d 1123, 1135 (9th Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)). The Court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co*., 519 F.3d 1025, 1031 (9th Cir. 2008). However, "conclusory allegations of law and unwarranted inferences are insufficient to avoid a Rule 12(b)(6) dismissal." *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009).

United States District Court
Northern District of California

### D.    Motion to Strike

Before responding to a pleading, a party may move to strike from a pleading any "redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The essential function of a Rule 12(f) motion is to "avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to the trial." *Wang v. OCZ Tech. Grp., Inc*., 276 F.R.D. 618, 624 (N.D. Cal. 2011) (quoting *Whittlestone, Inc. v. Handi-Craft Co*., 618 F.3d 970, 973 (9th Cir. 2010)). Just as with a motion to dismiss, the court views the pleading sought to be struck in the light most favorable to the nonmoving party. *Id*.

## IV.    DISCUSSION

### A.    The Court Grants Ask Media's Rule 12(b)(1) Motion Because Plaintiff Lacks Standing to Seek Injunctive Relief Under the UCL and FAL.

Ask Media argues Plaintiff lacks Article III standing to seek injunctive relief under the UCL and FAL because Ask Media ceased using Plaintiff's Marks and the complaint does not allege a continued and certain future risk of harm. ECF 16 at 6. Plaintiff argues that Ask Media continued use Plaintiff's "insurance king" mark after Ask Media indicated that it would stop. ECF 21 at 6–7.

"A plaintiff bears the burden of demonstrating that her injury-in-fact is concrete, particularized, and actual or imminent; fairly traceable to the challenged action; and redressable by a favorable ruling." *Davidson v. Kimberly-Clark Corp*., 889 F.3d 956, 967 (9th Cir. 2018). "[F]or injunctive relief, which is a prospective remedy, the threat of injury must be actual and imminent, not conjectural or hypothetical." *Id*.

The Court finds that Plaintiff lacks standing to assert its UCL and FAL claims. Here, Plaintiff's request for injunctive relief is based on Ask Media's repeated "display [of] infringing and deceptive advertisements in conjunction with 'insurance king' key words." Compl. ¶ 28. However, although the complaint incorporates Plaintiff's April and June 2023 screenshots of Defendant's websites, those allegations alone are insufficient to allege that Plaintiff will suffer actual and imminent injury in the form of California consumers being diverted to Defendant's websites. *See Wright v. Service Employees Int'l Union Local 503*, 48 F.4th 1112, 1120 (9th Cir. 2022) ("Wright's allegations of past injury alone are also insufficient to establish standing. We

have held that past exposure to harmful or illegal conduct does not necessarily confer standing to seek injunctive relief if the plaintiff does not continue to suffer adverse effects."). Plaintiff is notably not licensed to provide insurance in California. Compl. ¶ 11. There is no allegation that California consumers actually searched for Plaintiff, saw Ask Media's advertisements, were redirected to Ask Media's search engines, and then purchased insurance from a competitor when they would have actually purchased Plaintiff's insurance. *See In re Uber Techs., Inc., Passenger Sexual Assault Litig.*, 745 F. Supp. 3d 869, 909 (N.D. Cal. 2024) (finding plaintiffs lacked standing for injunctive relief where "[p]laintiffs have made no showing that any particular plaintiff saw any particular Uber advertisement, let alone that they relied on the representation to purchase the product or that they will forego riding in an Uber in the future because they cannot trust the advertising."). The complaint's bare allegation that it "received multiple for quotes from residents in . . . states," Compl. ¶ 11, is insufficient. *See Circle Click Media, LLC v. Regus Management Group, LLC*, 743 F. App'x. 883, 884 (9th Cir. 2018) ("Here, there is no evidence that the plaintiffs intend to do any business with the defendants again in the future. As such, the plaintiffs fail to demonstrate that they are likely to suffer the future injury necessary to establish Article III standing."). The complaint's allegation that "consumers are in fact likely to be confused and are deceived," Compl. ¶ 30, is also too vague to allege future injury. *See In re Coca-Cola Products Marketing and Sales Practices Litig.*, No. 20-15742, 2021 WL 3878654, at *2 (9th Cir. Aug. 31, 2021) ("[T]he imminent injury requirement is not met by alleging that the plaintiffs would *consider* purchasing Coke.").

Accordingly, Plaintiff "cannot point to an injury-in-fact relating to [Ask Media's] misrepresentations because [Plaintiff has] not plead specific facts showing those misrepresentations occurred." *In re Uber Techs., Inc.,* 745 F. Supp. 3d at 909. The Court GRANTS Ask Media's 12(b)(1) motion to dismiss Plaintiff's request for injunctive relief under the UCL and FAL. Because the Court finds that Plaintiff lacks standing to seek injunctive relief under the UCL and FAL, the Court need not consider Ask Media's remaining Rule 12(b)(1) argument regarding the adequacy of Plaintiff's UCL and FAL remedy. *See* ECF 16 at 7.

7

United States District Court
Northern District of California

**B.      Rule 12(b)(6) Motion to Dismiss**

### i.      Plaintiff Lacks Statutory Standing to Assert UCL and FAL Claims.

Ask Media also argues that the Court should dismiss Plaintiff's UCL and FAL claims because Plaintiff lacks statutory standing.  ECF 16 at 10–14.  Ask Media asserts that Plaintiff is not based in California and Plaintiff fails to allege a reliance, loss, and a causal connection to Ask Media's conduct.  *Id.*  Plaintiff argues Ask Media's principal place of business is in California and Plaintiff does not need to allege reliance to bring a UCL and FAL claim.  ECF 21 at 12.

In 2004, "the voters of California passed Proposition 64, which restricts standing for individuals alleging UCL and FAL claims to persons who 'ha[ve] suffered injury in fact and ha[ve] lost money or property as a result of the unfair competition.'" *Hinojos v. Kohl's Corp.*, 718 F.3d 1098, 1103 (9th Cir. 2013).  Thus, "[p]laintiffs alleging claims under the FAL and UCL are required to plead and prove actual reliance on the misrepresentations or omissions at issue." *Great Pacific Securities v. Barclays Capital, Inc.*, 743 F. App'x. 780, 783 (9th Cir. 2018).  "To satisfy this standard, a plaintiff must demonstrate that [it] actually relied upon the allegedly deceptive or misleading statements." *Snapkeys, Ltd. v. Google,* No. 19-cv-2658, 2020 WL 6381354, at *6 (N.D. Cal. Oct. 30, 2020).

The Court finds Plaintiff must allege actual reliance to maintain its UCL and FAL claims.  Indeed, "this Court has consistently required allegations of actual reliance and injury at the pleading stage for claims under all three prongs of the UCL where such claims are premised on misrepresentations." *Dimas v. JP Morgan Chase Bank, N.A.*, No. 17-cv-5205, 2018 WL 809508, at *9 (N.D. Cal. Feb. 9, 2018).  Plaintiff does not dispute that its allegations are premised on Ask Media's alleged misrepresentations in Ask Media's advertisements and hyperlinks.  *See* ECF 36 at 3–4 ("Plaintiff alleges [Ask Media] uses Plaintiff's mark and confusingly similar variations thereof as links to its paid listings to divert consumers who otherwise would have visited Plaintiff's website.").  In fact, the complaint alleges "Ask Media displays false and misleading advertisements in connection with the search terms it purchases, misleading consumers into believing that they […] are making purchases from [Plaintiff].  Instead, the consumers are in fact being directed to domains owned and controlled by Ask Media."  Compl. ¶18; *see also* Compl. ¶¶

United States District Court
Northern District of California

69 (alleging Ask Media's wrongful actions "constitute palming or passing off in that Defendant sought to lure web users and the consuming public into the false belief that Defendant was the source of the services when web users and consumers search for Plaintiff."); 83 ("Such conduct is likely to cause confusion, to cause mistake, or to deceive consumers as to the origin, source, sponsorship, or affiliation of Defendant's services and is likely to cause consumers to erroneously believe that Defendant's services are in some way affiliated with Plaintiff and Class Members.").

The Court next considers whether the complaint sufficiently alleges actual reliance.

The Court finds that it does not. "To establish actual reliance, the plaintiff must allege that 'the defendant's misrepresentation or nondisclosure was an immediate cause of the plaintiff's injury-producing conduct.'" *Williams v. Apple, Inc.*, 449 F. Supp. 3d 892, 912 (N.D. Cal. 2020) (quoting *In re Tobacco II Cases*, 46 Cal. 4th 298, 326 (2009)). Here, the complaint simply alleges what hypothetical consumers may experience when using Ask Media's website. *See* Compl. ¶¶ 19, 25. There is no allegation that any of California consumer would have purchased insurance from Plaintiff—an Illinois insurance broker that is not licensed to provide insurance in California—but for Ask Media's advertisements. Plaintiff's 2023 screenshots of Ask Media's advertisements and search engines does not meet this standard; Plaintiff is not a consumer. *See O'Connor v. Uber Techs., Inc.*, 58 F. Supp. 3d 989, 1002 (N.D. Cal. 2014) ("UCL fraud plaintiffs must allege their own reliance—not the reliance of third parties—to have standing under the UCL."); *see also Woods v. Google, Inc.*, No. 11-cv-1263, 2017 WL 4310765, at *3 (N.D. Cal. 2017) ("However, this argument fails because Woods must plead—but does not—that he actually saw or heard Google's advertising campaign."). Moreover, Plaintiff's allegation that Ask Media's principal place of business is in California does not save Plaintiff's UCL and FAL claims. "Merely alleging that the defendant's principal place of business is located in California is insufficient to establish that the conduct forming the basis of the claims occur[r]ed in California." *Carrera v. Dreyer's Grand Ice Cream, Inc.*, No. 10-cv-1044, 2010 WL 11661316, at *2 (N.D. Cal. Aug. 24, 2010).

Accordingly, the Court GRANTS Ask Media's motion to dismiss Plaintiff's UCL and FAL claims. Because the Court finds Plaintiff lack statutory standing to assert its UCL and FAL claim,

the Court need not consider Ask Media's remaining 12(b)(6) arguments regarding these claims.

### ii.    The Complaint Fails to Allege a Lanham Act False Advertising Claim Under Rule 9(b).

Ask Media argues that Plaintiff's Lanham Act false advertising claim fails to meet the heightened pleading requirements of Rule 9(b).  ECF 16 at 8–9.  Plaintiff argues Rule 9(b) does not apply and, even if it did, the complaint alleges specific instances of Ask Media's conduct.  ECF 21 at 5–6.

A Lanham Act false advertising claim requires Plaintiff to allege:

> (1) a false statement of fact by the defendant in a commercial advertisement about its own or another's product; (2) the statement actually deceived or has the tendency to deceive a substantial segment of its audience; (3) the deception is material, in that it is likely to influence the purchasing decision; (4) the defendant caused its false statement to enter interstate commerce; and (5) the plaintiff has been or is likely to be injured as a result of the false statement, either by direct diversion of sales from itself to defendant or by a lessening of the goodwill associated with its products.

*Yelp, Inc. v. ReviewVio, Inc.*, No. 23-cv-6508, 2024 WL 2883668, at *3 (N.D. Cal. June 6, 2024) (citing *Southland Sod Farms v. Stover Seed Co.,* 108 F.3d 1134, 1139 (9th Cir. 1997)).

The Court agrees that Plaintiff's Lanham Act false advertising claim is subject to Rule 9(b)'s heightened pleading requirements.  "[W]here a Lanham Act claim is predicated on the theory that the defendant engaged in a knowing and intentional misrepresentation, then Rule 9(b) is applicable."  *23andMe, Inc. v. Ancestry.com DNA, LLC*, 356 F. Supp. 3d 889, 908 (N.D. Cal. 2018).  The complaint alleges Ask Media's "wrongful and willful acts" constituted false advertising and Ask Media "knew or should have known that its use of Plaintiff's . . . Marks was likely to confuse and mislead consumers."  Compl. ¶¶ 52, 57; *see Guardant Health, Inc. v. Natera, Inc.*, 580 F. Supp. 3d 691, 699 (N.D. Cal. 2022) ("The false advertisement allegations in Natera's Amended Counterclaims expressly allege that Guardant knowingly or willfully deceived consumers. . . the Court will evaluate whether Natera's Lanham Act, FAL, and UCL counterclaims satisfy Rule 9(b).").

During oral argument, Ask Media conceded that the complaint sufficiently alleges the "what" requirement by alleging Ask Media's advertisements.  The parties also do not dispute that

the alleged misrepresentations occurred around April or June 2023. *See* ECF 36 at 2; ECF 37 at 2; *see also McLaren Ins. Sols, LLC v. ABS Healthcare Services, LLC,* No. 21-cv-6066, 2021 WL 6618912, at \*3 (C.D. Cal. 2021) ("The Complaint includes specific dates via screenshots on which one of the putatively fraudulent websites was accessed and operated, and otherwise alleges that Defendants' websites were operated at least from October 2018 through the filing of the Complaint on July 27, 2021."). The Court also agrees that the "who" and "where" are sufficiently alleged because the complaint pleads that Ask Media ("who") posted the advertisements on the internet ("where").

The Court, however, finds the complaint fails to provide sufficient factual allegations demonstrating how and why particular California consumers are misled by Ask Media's search engines. The complaint's inclusion of Plaintiff's website screenshots does not provide enough factual support demonstrating how consumers are misled. *See Yelp, Inc. V. ReviewVio, Inc.*, No. 23-cv-6508, 2024 WL 2883668, at \*14 (N.D. Cal. June 6, 2024) ("ReviewVio's alleged websites . . . do not fill this gap because no specific factual allegation supports how individual *consumers* came across these sites to learn about the 'Dandy Dashboard' and ways to 'Grow Your Clients With Dandy'); *ARF Dashnaktsutyun Western USA v. Armenian Revolutionary Federation QUSA*, No. 21-cv-5594, 2023 WL 4155366, at \*8 (C.D. Cal. May 26, 2023) ("Rule 9(b) requires that the plaintiff identify specific advertisements and promotional materials; allege when the plaintiff were exposed to the materials; and explain how such materials were false or misleading.").

Relatedly, the Court also finds that the complaint fails to sufficiently allege facts regarding how Plaintiff has been or likely will be injured by Ask Media's advertisements. *See Insurance King Agency, Inc. v. Digital Media Solutions, LLC,* No. 21-cv-1539, 2022 WL 2759072, at \*5 (S.D. Cal. July 14, 2022) ("Plaintiff speculates it is harmed because a consumer will be duped into responding to Defendants' advertisements with a false representation about pricing and that consumer then won't contact Plaintiff. But Plaintiff did not provide any evidence to show that consumers who would have otherwise contacted Plaintiff are duped by Defendants' advertisements.") (cleaned up).

11

United States District Court
Northern District of California

Accordingly, the Court GRANTS Ask Media's motion to dismiss Plaintiff's Lanham Act false advertising claim.

### iii. The Nominative Fair Use Doctrine Does Not Preclude Plaintiff's Trademark Infringement Claim.

Ask Media argues Plaintiff's trademark infringement claim fails under the nominative fair use doctrine. ECF 16 at 15–16. Plaintiff argues the complaint sufficiently alleges that Ask Media used Plaintiff's Mark as both a keyword in the search engine and in the hyperlinks that redirect consumers to Plaintiff's competitors. ECF 21 at 14–16.

"There exists 'a class of cases where the use of the trademark does not attempt to capitalize on consumer confusion or to appropriate the cachet of one product for a different one.'" *Nielsen Consumer LLC v. LiveRamp Holdings, Inc*., No. 24-cv-7355, 2025 WL 604665, at \*6 (N.D. Cal. Feb. 25, 2025) (quoting *New Kids on the Block v. News Am. Publ'g, Inc*., 971 F.2d 302, 307–08 (9th Cir. 1992)). "In these cases, 'a defendant has used the plaintiff's mark to describe the plaintiff's product'" and the nominative fair use doctrine applies. *Id*. (quoting *Cairns v. Franklin Mint Co*., 292 F.3d 1139, 1151 (9th Cir. 2002)). The Ninth Circuit adopted the following test for the nominative use doctrine:

> First, the product or service in question must be one not readily identifiable without use of the trademark; second, only so much of the mark or marks may be used as is reasonably necessary to identify the product or service; and third, the user must do nothing that would, in conjunction with the mark, suggest sponsorship or endorsement by the trademark holder.

*Playboy Enterprises, Inc. v. Welles*, 279 F.3d 796, 801 (9th Cir. 2002); *see also id*. ("In cases in which the defendant raises a nominative use defense, the above three-factor test should be applied instead of the test for likelihood of confusion set forth in *Sleekcraft*.)

Here, the complaint alleges "Ask Media displays false and misleading advertisements in connection with the search terms it purchases, misleading consumers into believing that they (the consumers) are making purchases from Plaintiff Insurance King and other Class Members. Instead, the consumers are in fact being directed to domains owned and controlled by Ask Media." Compl. ¶ 18. The complaint also alleges that "[s]earching for 'Insurance King' or 'Insurance King Rockford II' on search engines AOL and Yahoo displays . . . 'Insurance King Rockford II –

Official Website' and 'Insurance King – Insurance King' from domains www.justfindinfo.com, www.supersealsearch.com, and ww.searchresultsquickly.com /Insurance_King. . .[which are] owned and controlled by [Ask Media]."  Compl. ¶19.

Based on these allegations, the Court cannot conclude that Ask Media's use of Plaintiff's Marks constitutes nominative fair use.  *See Homelight, Inc. v. Shkipin*, No. 22-cv-3119, 2022 WL 16528142, at *3 (N.D. Cal. Oct. 28, 2022) ("In this case, however, plaintiff alleges that defendants are using plaintiff's trademark to refer to defendants' goods or services. . .Therefore, the traditional fair use doctrine is the proper analysis rendering the nominative fair use doctrine inapplicable."); *Autodesk, Inc. v. Dassault Systemes SolidWorks Corp*., No. 08-cv04397, 2008 WL 6742224, at *5 (N.D. Cal. Dec. 18, 2008) ("Although at first blush all of the uses alleged would seem to be fair use, at least arguably, analysis of nominative fair use is premature on a motion to dismiss, particularly given the factual nature of the inquiry in this case.").

Accordingly, the Court DENIES Ask Media's motion to dismiss Plaintiff's trademark claim.

### iv.    Plaintiff Need Not Allege Exact Replicas for its Trademark Counterfeiting Claim.

Ask Media argues that Plaintiff's trademark counterfeiting claim fails because there is no allegation that Ask Media used Plaintiff's Marks on the same goods or services.  ECF 16 at 18; ECF 25 at 7–8.  Plaintiff argues Ask Media's use involved both using Plaintiff's Mark as a keyword search term and affixing the mark as a hyperlink to Ask Media's website.  ECF 21 at 18.

The Court disagrees with Ask Media's narrow interpretation of a trademark counterfeiting claim.  The Ninth Circuit has held that the "[t]he text [of the Lanham Act's counterfeit statute] does not require counterfeit goods to be exact replicas of existing merchandise."  *Y.Y.G.M. SA v. Redbubble, Inc*., 75 F.4th 995, 1004 (9th Cir. 2023).  Instead, "the key inquiry is whether there is likelihood of confusion, not whether the products are seemingly identical."  *Id*.

Accordingly, the Court DENIES Ask Media's motion to dismiss Plaintiff's counterfeiting trademark claim.  *See ACT 898 Products Inc. v. Kashi Beauty Supply Inc*., No. 22-cv-8818, 2024 WL 2983164, at *8 (C.D. Cal. Apr. 29, 2024) ("Although the brushes are not identical, this does

United States District Court
Northern District of California

not end the Court's inquiry for the text of the Lanham Act does not require counterfeit goods to be exact replicas of existing merchandise.") (internal quotations omitted).

### v.    The Complaint Fails to Sufficiently Allege a Common Law Trademark Infringement Claim.

Ask Media argues the complaint fails to allege that Plaintiff has senior rights to use its Marks for insurance services in the California market.  ECF 16 at 19.  Plaintiff argues that whether Plaintiff has senior rights involves consideration of several factors and that California residents can still seek insurance from Plaintiff for their properties in states in which Plaintiff is licensed. ECF 21 at 18.

"A plaintiff asserting common law ownership rights in a trademark, must establish (1) that it is the senior user of the mark and (2) legally sufficient market penetration in a certain geographic area to establish ownership rights." *Optimal Pets, Inc. v. Nutri-Vet, LLC*, No. 08-cv-1795, 2010 WL 2305843, at *2 (C.D. Cal. June 7, 2010).  "Generally, the senior user of a mark is entitled to assert trademark rights in all areas in which it has legally sufficient market penetration." *Glow Industries*, *Inc. v. Lopez*, 252 F. Supp. 2d 962, 983 (C.D. Cal. 2002).  "Sufficient market penetration is determined by 'examining the trademark user's volume of sales and growth, number of persons buying the trademarked product in relation to the number of potential purchasers, and the amount of advertising' in a given market." *Gold Club-SF, LLC v. Platinum SJ Enterprise*, No. 13-cv-3797, 2013 WL 5273070, at *7 (N.D. Cal. Sept. 18, 2013) (quoting *Credit One Corp. v. Credit One Fin., Inc*., 661 F.Supp.2d 1134, 1138 (C.D. Cal.2009)).

Here, the complaint alleges that Plaintiff's Marks are "displayed across [a NASCAR] bus and carrier which travel to races across the country" and that Plaintiff is "in the process for applying for licensing in . . . California, Georgia, North Carolina, and South Carolina, and has even received multiple requests for quotes from residents in these states."  Compl. ¶¶ 10–11. Although Plaintiff insists that it has a national reputation, the complaint fails to allege that Marks were actually advertised in California.  *See SunEarth, Inc. v. Sun Earth Solar Power Co*., No. 11-cv-4991, 2013 WL 4528539, at *11 (N.D. Cal. Aug. 23, 2013) ("Where the trademark user has acquired a national reputation associated with its mark, it may assert trademark rights even in

14

United States District Court
Northern District of California

areas where it has no sales."); *see also Mike's Novalties, Inc. v. PIV Enterprises, Inc.*, 23-cv-1309, 2024 WL 457120, at \*10 (E.D. Cal. Feb. 6. 2024) ("PIV fails to specify whether it asserts its rights to the unregistered Magnum Detox mark in a limited geographic area or if it is asserting national reach "throughout the United States . . . the Court finds PIV failed to sufficiently define the geographical scope of its rights to the unregistered marks") (adopted in full in *Mike's Novalties, Inc. v. PIV Enterprises, Inc*., 23-cv-1309, 2024 WL 1077340 (E.D. Cal. Mar. 12, 2024)).  Therefore, the Court finds that the complaint's allegations fail to sufficiently allege that Plaintiff has senior rights to use its Marks in the California market.

Accordingly, the Court GRANTS Ask Media's motion to dismiss Plaintiff's common law trademark claim.

### C.    Ask Media's Rule 12(f) Motion to Strike is Premature

Ask Media argues that the Plaintiff's proposed class cannot satisfy Rule 23 because no class action involving trademark claims has ever been certified under Rule 23(b)(3) and the trademark analysis will require individualized analyses.  ECF 16 at 20–22.  Plaintiff argues Ask Media's request to strike Plaintiff's class allegations is premature and would deprive Plaintiff of its opportunity to conduct class discovery and refine its class definitions.  ECF 21 at 18–22.

"Courts generally regard motions to strike 'with disfavor because of the limited importance of pleading in federal practice, and because they are often used as a delaying tactic.'" *Carey v. J.A.K. Puppies, Inc*., No. 21-cv-2095, 2025 WL 368973, at \*9 (C.D. Cal. Jan. 27, 2025) (quoting *California Dep't of Toxic Substances Control v. Alco Pac., Inc.*, 217 F. Supp. 2d 1028, 1033 (C.D. Cal. 2002)).  Hence, "[s]triking class allegations at the pleading stage is only appropriate where the defendant presents an argument that completely precludes certification of any class, not just the class currently defined in the complaint."  *Rice-Sherman v. Big Heart Pet Brands, Inc., No.* 19-cv-3613, 2020 WL 1245130, at \*15 (N.D. Cal. Mar. 16, 2020).

The Court agrees that striking the Plaintiff's class would be premature.  *See Vinole v. Countrywide Home Loans, Inc*., 571 F.3d 935, 942 (9th Cir. 2009) (recognizing that "the better and more advisable practice for a District Court to follow is to afford the litigants an opportunity to present evidence as to whether a class action was maintainable.") (internal quotations omitted).

15

Indeed, discovery has yet to commence and the factual record is undeveloped. *See* ECF 26 at 4 ("Plaintiff has not yet propounded discovery; The Parties are awaiting the pending Motion to Dismiss and Motion to Strike."); *Lee v. Plex, Inc*., No. 24-cv-2386, 2025 WL 948118, at *12 (N.D. Cal. Mar. 28, 2025) ("Plex argues that individualized issues may predominate because individual proof will be needed to assess each class member's claim . . . This argument is raised prematurely. Plaintiff is entitled to discovery[.]").  Even if, as Ask Media asserts, no class action involving trademark claims has yet been certified, Ask Media fails to show how the class allegations themselves are "redundant, immaterial, impertinent, or scandalous."  Fed. R. Civ. P. 12(f); *see also In re Future Motion, Inc. Products Liab. Litig*., No. 21-cv-6088, 2024 WL 3408224, at *12 (N.D. Cal. July 12, 2024) (denying motion to strike where "[d]efendant has failed to identify any flaws in the CCAC . . . that would show that the class allegations are 'redundant, immaterial, impertinent, or scandalous" to justify the generally disfavored remedy of striking such allegations from the CCAC.'") (quoting Fed. R. Civ. P. 12(f)). Accordingly, the Court DENIES Ask Media's motion to strike Plaintiff's class allegations.

## V.    LEAVE TO AMEND

Pursuant to Rule 15(a)(2), A party may amend its pleadings with the opposing party's written consent or the court's leave. Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id*. This policy is applied with "extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc*., 316 F.3d 1048, 1051 (9th Cir. 2003) (internal citation omitted). The Supreme Court has outlined five factors to consider in deciding whether leave to amend is warranted: (1) bad faith on the part of the movant, (2) undue delay by the movant, (3) repeated amendments by the movant, (4) undue prejudice to the nonmovant, and (5) futility of the proposed amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962). "Amendment need not be permitted when it would be futile—that is, when no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim." *Invenergy Thermal LLC v. Watson*, No. 23-3857, 2024 WL 5205745, at *3 (9th Cir. 2024) (internal quotation omitted).

The Court is skeptical of Plaintiff's ability to amend its UCL and FAL claims given that Plaintiff is an Illinois insurance broker that is *not* licensed to provide insurance in California.  Still,

United States District Court
Northern District of California

during oral argument, Plaintiff indicated that there may be instances where Plaintiff could provide insurance to California residents.  After considering the remaining Rule 15 factors, and in an abundance of caution, the Court finds the presumption in favor of granting Plaintiff with leave to amend applies.  *See Snow v. Corizon Healthcare*, 842 F. App'x. 135, 135 (9th Cir. 2021) (holding "dismissal without leave to amend . . . premature because it is not absolutely clear that any deficiencies could not be cured by amendment.") (internal quotations omitted).  The Court, therefore, GRANTS Plaintiff leave to amend its common law trademark, UCL, FAL, and Lanham Act false advertising claims.  *See Whiteside v. Kimberly Clark Corp.*, 108 F.4th 771, 777 (9th Cir. 2024) ("[I]n federal court, dismissals of UCL, FAL, and CLRA claims at the pleadings stage have occasionally been upheld, but such cases are rare.") (cleaned up).

Plaintiffs may not plead new claims. Should the scope of any amendment exceed the leave to amend granted by this order, the Court will strike the offending portions of the pleading under Rule 12(f).  *See* Fed. R. Civ. P. 12(f) ("The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. The court may act: (1) on its own; or (2) on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading.").

## VI.  CONCLUSION

For the foregoing reasons, Ask Media's motion to dismiss the complaint is GRANTED IN PART AND DENIED IN PART; Ask Media's motion to strike is also DENIED.

The Court GRANTS Ask Media's 12(b)(6) motion to dismiss Plaintiff's request for injunctive relief under the UCL and FAL because the complaint fails to allege Article III standing.

The Court GRANTS Ask Media's 12(b)(6) motion to dismiss Plaintiff's UCL and FAL claims because the complaint fails to allege statutory standing.

The Court GRANTS Ask Media's 12(b)(6) motion to dismiss Plaintiff's Lanham Act False Advertising Claim because the complaint fails to allege sufficient facts under Rule 9(b)'s heightened pleading standard.

The Court should DENIES Ask Media's 12(b)(6) motion to dismiss Plaintiff's trademark infringement claim because the nominative use doctrine does not apply at this stage of the proceedings.

The Court DENIES Ask Media's 12(b)(6) motion to dismiss Plaintiff's trademark counterfeiting claim because Plaintiff does not need to allege exact replicas.

The Court GRANTS Ask Media's 12(b)(6) motion to dismiss Plaintiff's common law trademark claim because the complaint fails to allege that Plaintiff's Marks were advertised in California.

The Court DENIES Ask Media's 12(f) motion to strike Plaintiff's class allegations because the motion is premature and Ask Media has not shown how the class allegations are redundant, immaterial, impertinent, or scandalous.

Plaintiff shall file an amended complaint consistent with this order no later than May 16, 2025. No new claims or parties may be added without the Court's prior approval. A failure to meet this deadline will result in dismissal with prejudice under Federal Rule of Civil Procedure 41(b).

This Order resolves ECF 16.

IT IS SO ORDERED.

Dated: May 2, 2025

_____
TRINA L. THOMPSON
United States District Judge

United States District Court
Northern District of California

18